✓ FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 1 8 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| BARTLEY S. BACKUS, | ) | |
| Plaintiff, | ) | 3:13-cv-00610-RCJ-VPC |
| v. | ) | **ORDER** |
| UNITED STATES AIR FORCE, | ) | |
| Defendant. | ) | March 18, 2014 |

Plaintiff is proceeding *pro se* with a claim filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA") (#1-1). He also has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (#1).

While plaintiff lists only the United States Air Force as the defendant in the case caption, in the section to list defendants on the form complaint he lists several employees of the David Grant Medical Center at Travis Air Force Base in Fairfield, California. Plaintiff includes several alleged civil rights claims that appear patently frivolous (*see* #1-1, pp. 4-7, counts I & II). However, in count III he also seeks damages under the FTCA against two medical center employees who allegedly failed to return his personal property when he was discharged.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action

-1-

may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, plaintiff states that he resides in Sparks, Nevada. None of the defendants appear to reside in the District of Nevada. The events giving rise to the claim occurred in Fairfield, California, which is located in the Eastern District of California. Therefore, plaintiff's complaint should have been filed in a United States District Court for the Eastern District of California. In the interests of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

**IT IS THEREFORE ORDERED** that this matter is transferred to the United States District Court for the Eastern District of California.

**IT IS SO ORDERED.**

DATED: *March 18, 2014*.

UNITED STATES MAGISTRATE JUDGE